UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-CV-381 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| SUNRISE RIDGE MASTER HOMEOWNERS ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is defendant Sunrise Ridge Master Homeowners Association's (the "HOA") motion to dismiss. (ECF No. 21). Plaintiff Bank of America, N.A. ("BANA") submitted a response (ECF No. 24), and defendant filed a reply (ECF No. 29).[1]

Also before the court are defendants Meadow Foxtail Drive Trust ("Meadow") and Paradise Harbor Place Trust's ("Paradise") motion to dismiss claims against those parties because plaintiff has not alleged that defendants claim an interest in the property. (ECF No. 32). BANA filed a response (ECF No. 33), and Meadow and Paradise have filed a reply (ECF No. 34).

**I.     Introduction**

Plaintiff filed its complaint on February 24, 2016, asserting claims involving the non-judicial foreclosure of the real property at 3984 Meadow Foxtail Drive, Las Vegas, Nevada. (ECF No. 1). Specifically, plaintiff asserts the following causes of action against the HOA: (1) quiet title with a requested remedy of declaratory judgment; (2) breach of Nevada Revised Statute ("NRS") 116.1113's obligation of good faith; (3) and wrongful foreclosure. (*Id.*). The HOA also challenges the allegations for payment of attorneys' fees as special damages. *See* (ECF No. 21).

---

[1] Plaintiff appears as successor by merger on behalf of BAC Home Loans Servicing, LP—formerly known as Countrywide Home Loans Servicing, LP.

**James C. Mahan**
**U.S. District Judge**

As against Meadow and Paradise, plaintiff offers only its claim to quiet title. (*Id.*). Relevantly, the non-judicial foreclosure sale allegedly occurred on June 15, 2012. (*Id.*).

## II.     Legal Standard

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not

**James C. Mahan**
**U.S. District Judge**

- 2 -

unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

*a. Bad faith*

The NRS 116.1113 claim against the HOA requests pecuniary damages based upon the alleged breach of a statutory duty. (ECF No. 1). Thus, the claim must be brought against a defendant within three years. *See* Nev. Rev. Stat. § 11.190(3)(a).

The foreclosure sale allegedly took place in June 2012. (ECF No. 1). Accordingly, BANA brings this lawsuit more than three years after the latest instance of the alleged relevant injury. *See* (ECF No. 1). Therefore, this claim is time-barred, and the HOA's motion to dismiss will be granted as to this claim.

*b. Wrongful foreclosure*

"A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P.*, 310 P.3d at 559 (citing *Collins v. Union Fed. Sav. & Loan*, 662 P.2d 610, 623 (Nev. 1983)).

Nevada Association Services, Inc.'s authority to foreclose on the HOA lien on behalf of Sunrise Ridge originates from NRS Chapter 116; therefore, this claim is one for damages based on liability created by a statute. *See* (ECF No. 1) (requesting general and special damages). Thus, this claim is also time-barred under NRS 11.190(3)(a) because it was not brought to court by complaint within three years. See Nev. Rev. Stat. § 11.190(3)(a); *see also* (ECF No. 1).

*c. Quiet title/declaratory judgment*

The HOA argues that the quiet title claim against it should be dismissed for any of the following reasons: (1) the applicable period of limitation has elapsed; (2) the doctrine of laches applies; (3) plaintiff has failed to mediate the claim through the Nevada Real Estate Division's ("NRED") mediation process; (4) plaintiff's right to procedural due process was not violated; and (5) plaintiff has not established superiority of title. (ECF No. 21). Meadow and Paradise's motion to dismiss this claim against them argues that they have no place in the present litigation because the complaint does not allege that they have an interest in the property, and they do not claim an interest in the property. (ECF No. 32). The court shall address these arguments in turn.

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

*1. The HOA's motion*

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and citations omitted). Therefore, for plaintiff to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

Under NRS 40.010, an "action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. Further, NRS 11.070 sets forth a five-year limitations period for quiet title claims. Nev. Rev. Stat. § 11.070.

First, the challenged foreclosure sale allegedly occurred in June 2012. (ECF No. 1). Accordingly, this claim has been asserted within a five-year span from the alleged injury and is not barred by the applicable statute of limitations. *See* Nev. Rev. Stat. § 11.070.

Next, the court finds that the HOA has not adequately shown that its circumstances have changed to the extent that laches should apply. *See Carson City v. Price*, 934 P.2d 1042, 1043 (1997); (ECF No. 6); *see also Cooney v. Pedroli*, 235 P. 637, 640 (1925) ("The disadvantage may come from loss of evidence, change of title, intervention of equities and other causes, but when a court sees negligence on one side and injury therefrom on the other, it is a ground for denial of relief" (quoting *Chase v. Chase*, 20 R. I. 202 (1897))).

Nor is NRED mediation required for this claim. A claim to quiet title is not a civil action under NRS 38.300(3), which states: "The term does not include an action in equity for injunctive relief in which there is an immediate threat of irreparable harm, or an action relating to the title to residential property." *See, e.g.*, *U.S. Bank, Nat. Ass'n v. NV Eagles, LLC*, No. 2:15-CV-00786-RCJ-PAL, 2015 WL 4475517, at *3 (D. Nev. July 21, 2015) (finding that a lender's claim seeking both quiet title and declaratory relief was exempt from the mediation requirement of NRS 38.310); *see also McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013). Therefore, the

James C. Mahan
U.S. District Judge

- 4 -

HOA's argument for dismissal of the quiet title claim fails because NRS 38.310's exhaustion requirement does not apply to a claim to quiet title. *See* Nev. Rev. Stat. § 38.310(1) (discussing the mediation requirements for a "civil action").

Next, the HOA contests this claim by offering that the quiet title/declaratory relief claim did not violate plaintiff's right to procedural due process. (ECF No. 21). Here, plaintiff indicates its actual notice of the potential for foreclosure proceedings—demonstrated by its allegation, as one example, that:

> On or about December 27, 2010, BANA, through its counsel, offered to tender the super-priority amount to Sunrise Ridge upon its identification of the super-priority amount allegedly owed to Sunrise Ridge. Sunrise Ridge and NAS refused to identify the super-priority amount, and instead provided a ledger, dated January 21, 2011, identifying the total amount allegedly owed.

(ECF No. 1 at 6).

Therefore, the Ninth Circuit's decision in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016) (holding that NRS chapter 116's "opt-in" notice scheme was facially unconstitutional), does not alter the present analysis. However, this finding is not sufficient to dismiss the claim because that claim is allegedly based on multiple grounds. *See* (ECF No. 1).

Finally, the HOA argues that "Plaintiff Failed to Establish Superiority of Title." (ECF No. 21 at 11). Doing so, it implicitly asks this court to consider proof regarding the heart of this case, based upon its request in a motion to dismiss. *See* (*id.*). This court declines to do so at this stage of the litigation. Therefore, the quiet title claim survives the HOA's motion to dismiss.

### 2. *Meadow and Paradise's motion*

In response to Meadow and Paradise's argument that they have no interest in the litigation, plaintiff argues that they are necessary parties under Federal Rule of Civil Procedure 19(a)(1)(A) "because complete relief cannot be granted in their absence, as Sunrise Ridge originally deeded the property to Meadow Trust, which then deeded to Paradise Trust, which then deeded the property to Saticoy." (ECF No. 33 at 6). Indeed, assuming without deciding that Meadow and Paradise's motion can be treated as a Rule 12(c) motion for judgment on the pleadings, their argument falls short.[2]

---

[2] Plaintiff correctly indicates that these defendants have already submitted an answer to the complaint before bringing their motion to dismiss. *See* (ECF No. 33); *but see Aldabe v. Aldabe*,

Under rule 19(a), a party must be joined as a "required" party in two circumstances: (1) when "the court cannot accord complete relief among existing parties" in that party's absence, or (2) when the absent party "claims an interest relating to the subject of the action" and resolving the action without that party may, practically, "impair or impede the person's ability to protect the interest," or may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1).

This court has previously held that dismissal is appropriate when the holder of the prior deed of trust seeks a declaration that the deed of trust survived foreclosure sale. *See, e.g.*, *Bayview Loan Servicing, LLC v. SFR Investments Pool 1, LLC*, No. 2:14-CV-1875-JCM-GWF, 2015 WL 2019067, at *1 (D. Nev. May 1, 2015). In contrast, this court has also held that dismissal is inappropriate in these circumstances when the holder of the prior deed of trust challenges the validity of the foreclosure sale. *See, e.g.*, *Nationstar Mortg., LLC v. Berezovsky*, No. 2:15-CV-909-JCM-CWH, 2016 WL 1064477, at *3–4 (D. Nev. Mar. 2016). Therefore, the nature of the remedy sought dictates the necessary parties.

In addition, this court has reasoned that parties facing a quiet title claim may be, at least nominally, necessary parties when the court's potential invalidation of the foreclosure sale could alter their possible liability to other entities in the case. *See Nationstar Mortg., LLC v. Maplewood Springs Homeowners Ass'n*, No. 2:15-CV-1683-JCM-CWH, 2017 WL 843177, at *6 (D. Nev. Mar. 1, 2017); *see also Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004) (considering the desire to avoid redundant litigation and specifying rule 19(a)(1)'s focus on allowing "meaningful relief"). Therefore, Meadow and Paradise are, at this point in the present litigation, necessary parties. As a result, their motion will be denied.

   *d. Attorneys' fees as special damages*

Finally, the HOA challenges plaintiff's claim for attorneys' fees as special damages, arguing that this request is insufficiently pled. (ECF No. 21). The court acknowledges that the last page of the complaint asks for "[r]easonable attorneys' fees as special damages and the costs of suit." (ECF No. 1 at 15). Additionally, *Horgan v. Felton*, 170 P.3d 982, 983 (Nev. 2007), offers the rule that "in *cases* concerning title to real property, attorney fees are only allowable as special

---

616 F.2d 1089, 1093 (9th Cir. 1980) ("Rule 12(h)(2) should be read as allowing a motion for judgment on the pleadings, raising the defense of failure to state a claim, even after an answer has been filed. Under that interpretation, Rules 12(c) and 12(h)(2) together constitute a qualification of Rule 12(b)(6).").

damages in slander of title actions, not merely when a cloud on the title to real property exists." 170 P.3d at 983 (emphasis added).  Clearly, this case involves title to real property.  *See* (ECF No. 1) (presenting a quiet-title claim).  The Nevada Supreme Court, in *Horgan*, also stated that "attorney fees are [generally] not recoverable absent a statute, rule, or contractual provision to the contrary."  *Horgan*, 170 P.3d at 986.

Indeed, plaintiff's complaint otherwise provides only vague allusions to the authority or legal vehicle for collecting attorneys' fees in this action.  *See* (ECF No. 1).  Therefore, plaintiff may not request attorneys' fees as special damages in the complaint's current form.

**IV.    Conclusion**

In sum, the HOA's motion to dismiss will be granted as to the claims of breach of NRS 116.1113's obligation of good faith, wrongful foreclosure, and the request for attorneys' fees as special damages.  Meadow and Paradise's motion to dismiss failed to persuasively show that they are not a necessary party at this stage of the litigation.  Finally, the claim to quiet title survives these motions to dismiss.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the HOA's motion to dismiss (ECF No. 21) be, and the same hereby is, GRANTED IN PART and DENIED IN PART, consistent with the foregoing.

IT IS FURTHER ORDERED that Meadow and Paradise's motion to dismiss (ECF No. 32) be, and the same hereby is, DENIED.

DATED March 10, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**